IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEVERLY RIPPY,                                CASE NO.: _____

    Plaintiff,

vs.

THE DEVEREUX FOUNDATION, INC.

    Defendant.
_____/

## DEFENDANT THE DEVEREUX FOUNDATION, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant THE DEVERUEX FOUNDATION, INC. ("Devereux"), gives notice that this case is hereby removed from the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 16-2022-CA-001606, to the United States District Court, Middle District of Florida, Tampa Division. In support of its Notice of Removal, Devereux states:

### I.   RELEVANT PROCEDURAL FACTS

1. On March 13, 2022, Plaintiff Beverly Rippy ("Plaintiff") originally commenced this civil action by filing her Complaint in the Tenth Judicial Circuit in and for Polk County, Florida against Devereux.

2. On May 24, 2022, Plaintiff served Devereux via its registered agent. Accordingly, this Notice of Removal is filed timely "within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446 and Local Rule 1.6(b), attached hereto as **Exhibit A** are true and legible copies of "all process, pleadings, orders, and other papers or exhibits of every kind, including depositions" on file in the state court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). An action removed from state court to federal court must be removed to the district court "embracing the place where such action is pending." *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001); 28 U.S.C. § 1441(a) (a defendant removing from state court "shall file in the district court of the United States for the district and division within such action is pending a notice of removal. . ."). This state court action is pending in the Tenth Judicial Circuit in and for Polk County, Florida. The United States District Court for the Middle District of Florida, Tampa Division, encompasses Polk County.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Tenth Judicial Circuit in and for Polk County, Florida, and Devereux will promptly serve Plaintiff with a copy of the Notice of Removal. *See* **Exhibit B**.

6. By filing this Notice, Devereux does not waive its right to assert any defense or affirmative matter, including, without limitation, the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to it under state or federal law.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

## II. REMOVAL IS PROPER IN THIS CASE

### A. Complete Diversity of the Parties Exists

8. In the Complaint, Plaintiff alleges that at all times material hereto she is a resident of Polk County, Florida. Accordingly, Plaintiff is a citizen of the state of Florida. (*See* Compl. ¶ 2).

9. Plaintiff mistakenly describes Devereux as a "Florida profit corporation." (*See* Compl. ¶ 3).

10. At all relevant times, Devereux has been, and continues to be a not-for-profit corporation formed under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania. A 2022 Foreign Not for Profit Corporation Annual Report is attached as **Exhibit "C."** "[C]orporations are citizens in the states of their incorporation and their principal place of business." *Id*. at 1021 n.1, citing 28 U.S.C. §1332(c)(1). Accordingly, Devereux is a citizen of the state of Pennsylvania.

11. Because Plaintiff is a citizen of Florida, and Devereux is a citizen of the state of Pennsylvania, complete diversity exists under 28 U.S.C. § 1332. *See also* 28 U.S.C. § 1441(b)(2).

**B. Amount in Controversy Exceeds $75,000.00**

12. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interests. Only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold is required in a notice removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014) (*quoting* 28 U.S.C. § 1446(a)).

13. Plaintiff is bringing a claim for damages. As explained in Paragraph 17 below the amount in controversy clearly exceeds $75,000.00, notwithstanding the fact that Devereux denies any liability for Plaintiff's damages. One of the permissible forms of evidence is an affidavit,

which is not limited in scope by the substantive jurisdictional requirements of removal. *Id*. at 755. The affidavit of defense counsel, Michael DiRaimo, attached hereto as **Exhibit D**, further discusses Plaintiff's claimed damages. A reasonable interpretation of the nature of Plaintiff's allegations and claimed injuries, together with the Affidavit of Michael A. DiRaimo, satisfies the amount in controversy requirement for removal under 28 U.S.C. § 1332.

14. "Removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Sometimes the amount in controversy is facially apparent from [sic] complaint even when it does not claim a specific amount of damages." *Clark v. Wal-Mart Stores, Inc.*, No. 5:15cv276-MW/GRJ, 2015 U.S. Dist. LEXIS 165440, at *5 (N.D. Fla. Dec. 10, 2015), citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). The Court may use its judicial experience and common sense and may also "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *McAdams v. Plant Performance Servs., Ltd. Liab. Co.*, No. 5:11-cv-247-RS-CJK, 2011 U.S. Dist. LEXIS 90940, at *1–2 (N.D. Fla. Aug. 16, 2011), citing *Roe*, 613 F.3d at 1061–62 (11th Cir. 2010). Furthermore, a district court "need not 'suspend reality or shelve common sense' in determining the amount in controversy." *Gardner v. Mgmt. & Training Corp.*, No. 4:14cv284-RH/CAS, 2014 U.S. Dist. LEXIS 92956, at *5 (N.D. Fla. July 3, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)).

15. Plaintiff's Complaint alleges she suffered bodily injuries from a motor vehicle accident involving a vehicle operated by Devereux's employee. (Compl. ¶¶ 4-5). The Complaint fails to specify the damages suffered, but Plaintiff asserts she suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment

of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money." (Compl. ¶ 9). Plaintiff further alleges these "losses are either permanent or continuing and Plaintiff will suffer the losses in the future." *Id*.

16. While the Complaint simply asserts that the amount in controversy exceeds the jurisdictional threshold of the state circuit court ($30,000.00) (*see* Compl. ¶ 1), in its state court papers Plaintiff completed a Form 1.997 Civil Cover Sheet. (*See* **Exhibit "E" attached hereto**). Question II of that form instructs Plaintiff to indicate "the estimated amount of the claim, rounded to the nearest dollar." Plaintiff was presented six categories for the amount of its claim, ranging from $8,000 or less, $8,001 to $30,000, $30,001 to $50,000, $50,001 to $75,000, $75,001 to $100,000, and "over $100,000.00". Presented with these category options, Plaintiff selected and checked the box "over $100,000.00." The question and Plaintiff's selected answer from Exhibit "c" are embedded here:[1]

### II.   AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001 - $50,000
- ☐ $50,001 - $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

17. In selecting the highest possible category for the amount of its actual damages "over $100,000.00", coupled with the allegations on the face of the Amended Complaint, Plaintiff

---

[1] While the question indicates the "estimated amount of the claim is requested for data collection and clerical processing purposes only", and the "amount of the claim shall not be used for any other purpose", it strains reason to suggest that Plaintiff's choice of "over $100,000.00" does not accurately reflect its representation of the value of its claim, and hence, the minimum amount in controversy.

confirms both on the face of its Amended Complaint as well as via other papers that may be considered by this Court that the amount in controversy exceeds $75,000.00. Indeed, if it were a close call, Plaintiff could have selected the prior selection option, "$75,001.00 to $100,000.00." Instead, Plaintiff selected on its own volition the highest possible option, indicating that its claim has a minimum value of $100,000.00, and up to, essentially, infinity. The amount in controversy element has easily been satisfied here.

18. Further, as explained in the Affidavit of Michael A. DiRaimo, in the pre-suit stages, Plaintiff made a seven-figure demand based on Plaintiff's purported past medical expenses, future medical expenses, pain and suffering and lost earning capacity. In fact, Plaintiff's counsel provided medical bills totaling $75,567.31 ($67,705.52 for her hospital treatment and $7,861.79 for treatment after her discharge). Given that Plaintiff's purported past medical bills by themselves exceed $75,000, the amount in controversy requirement for removal under 28 U.S.C. § 1332 is satisfied.

### C. All Prerequisites for Removal Have Been Satisfied

19. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

20. The undersigned counsel is authorized by Devereux to file this Notice of Removal, is licensed in the State of Florida and is a member of the Bar of this Court.

WHEREFORE, Defendant Devereux respectfully removes this action from the Tenth Judicial Circuit in and for Polk County, Florida to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and requests that this Court assume full jurisdiction over the cause herein as provided by law.

Date: June 1, 2022                              Respectfully submitted,

*s/Michael Correnti*
MICHAEL CORRENTI, ESQ.
LEAD COUNSEL
Florida Bar No. 0039279
MICHAEL DIRAIMO, ESQ.
Florida Bar No. 1002962
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
*Attorneys for The Devereux Foundation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2022, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Gregory P. Abaray, Esq., greg@allenandabaray.com; civilfiling@allenandabaray.com; Allen & Abaray, P.A., 5835 U.S. Highway 98 South, Lakeland, Florida 33812., *Attorneys for Plaintiff*

*s/Michael Correnti*
MICHAEL CORRENTI, ESQ.
Florida Bar No. 0039279
MICHAEL DIRAIMO, ESQ.
Florida Bar No. 1002962
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email: mcorrenti@mtwlegal.com
Secondary Service Email: e.service@mtwlegal.com
rippyvdevereux@mtwlegal.com
*Attorneys for Defendant, The Devereux Foundation, Inc.*